# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WHITE OAK POWER CONSTRUCTORS | : | |
| | : | |
| v. | : | Civil No. CCB-17-1437 |
| | : | |
| ALSTOM POWER, INC., | : | |
| and | : | |
| OLD DOMINION ELECTRIC COOPERATIVE | : | |

## MEMORANDUM

White Oak Power Constructors ("White Oak") has sued Alstom Power, Inc. ("Alstom") and Old Dominion Electric Cooperative ("Old Dominion"). White Oak has brought claims of fraud in the inducement, fraudulent misrepresentation, negligent misrepresentation, and breach of contract against both defendants arising from contracts pertaining to the construction of a power plant in Rising Sun, Maryland. White Oak also has brought a claim of *quantum meruit* against Old Dominion, and seeks declaratory judgments pertaining to liquidated damages from both Alstom and Old Dominion. Now pending before the court are Alstom's motion to transfer venue and Old Dominion's motion to transfer venue, or in the alternative, to dismiss. The motions have been fully briefed, and no oral argument is necessary. *See* Local Rule 105.6. For the reasons explained below, the motions to transfer will be granted.

## BACKGROUND

Defendant Old Dominion is a Virginia-based electric power cooperative. (Mem. Supp. Old Dominion's Mot. Transfer Venue at 3, ECF No. 24-1; Am. Compl. ¶ 8, ECF No. 10.) In

1

2013, after a competitive bidding process, Old Dominion entered into an Equipment Purchase Agreement ("Alstom Agreement") with Defendant Alstom for three generators for use in the Wildcat Point Generation Facility under development in Rising Sun, Maryland ("the Plant"). Mem. Supp. Alstom's Mot. Transfer Venue at 5, ECF No. 22-1.) In 2014, after another competitive bidding process, Old Dominion entered into an Engineer, Procure and Construct Contract ("White Oak Agreement") with plaintiff White Oak to construct the Plant and prepare it for operation. (Mem. Supp. Old Dominion's Mot. Transfer Venue at 3, ECF No. 24-1.) All three parties also signed an Assignment, Assumption, and Consent Agreement ("Assignment Agreement") assigning certain of Old Dominion's rights and responsibilities from the Alstom agreement to White Oak.

> The Alstom Agreement contains a forum-selection clause that states:
>
> Any legal action or proceeding with respect to this Agreement shall exclusively be brought in the state courts of Virginia located in Henrico County, Virginia or the United States District Court for the Eastern District of Virginia located in Richmond, Virginia. Each of the Parties hereby accepts and consents to, generally and unconditionally, the jurisdiction of the aforesaid court (and appellate courts with jurisdiction to hear appeals therefrom. Each of the Parties hereby irrevocably waives any objection which it may now or hereafter have to the laying of venue of any of the aforesaid actions or proceedings arising out of or in connection with this Agreement brought in the courts referred to above and hereby further irrevocably waives and agrees not to plead or claim in any such court that any such action or proceeding brought in any such court has been brought in an inconvenient forum.

(Alstom Agreement, Ex. A ¶ 20.2, ECF No. 10-1.) The Assignment Agreement contains a substantively identical forum-selection provision. (*See* Assignment Agreement, Ex. C § 12(b), ECF No. 1-3.)

The White Oak Agreement contains a choice of law and forum-selection provision that states:

2

> The laws of the Commonwealth of Virginia shall govern the validity, interpretation, construction and performance of this Agreement without regard to principles of conflicts of law. Both parties hereto agree, subject to Section 13 hereof, to submit to the exclusive jurisdiction of the United States District Court for the Eastern District of Virginia located in Richmond, Virginia, in any litigation between the parties or, if the federal court lacks jurisdiction, the state courts of the Commonwealth of Virginia located in Henrico County, Virginia. Contractor also agrees venue lies and that all discovery in any proceeding shall take place in the County of Henrico. Contractor hereby waives any objection that it may now or hereafter to the venue of any such suit or any such court or that such suit is brought in an inconvenient forum.

(White Oak Agreement, Ex. B § 15.12, ECF No. 1-2.)

White Oak now alleges that the amount of work required to complete the Plant far exceeds that which was represented by Old Dominion and Alstom during the bidding process that resulted in the White Oak and Alstom agreements. (*See generally,* Am. Compl. ¶¶ 75-86 ECF No. 10.) White Oak initially raised these concerns with Old Dominion and Alstom in March 2016. (*Id.* ¶ 78.) The parties discussed the increase in work required for completion of the Plant via email in January 2017. *Id.* ¶ 83-84. White Oak also alleges that both defendants failed to perform certain required actions related to construction of the Plant. (*See, e.g., id.* ¶¶ 121, 127, 141, 156, 159, 166, 178.) All parties have been in communication regarding these various issues throughout the beginning of 2017. (*See, e.g, id.* ¶¶ 123, 176, 179, 183-89, 196-97.)

On May 24, 2017, White Oak filed this suit against Old Dominion and Alstom, claiming fraud in the inducement, fraudulent misrepresentation, negligent misrepresentation, and breach of contract against both defendants arising from contracts pertaining to the construction of a power plant in Rising Sun, Maryland. White Oak also has brought a claim of *quantum meruit* against Old Dominion, and seeks declaratory judgments pertaining to liquidated damages from both Alstom and Old Dominion. (*See generally,* Am. Compl., ECF 10.) On August 21, Alstom

3

filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) and Old Dominion filed a motion to transfer venue to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to dismiss. (ECF Nos. 22, 24.) White Oak filed responses to these motions on September 20. (ECF Nos. 30, 31.) Old Dominion filed its reply on October 5, and Alstom filed its reply on October 11. (ECF Nos. 32, 33.) On October 23, White Oak filed a motion for leave to file a surreply.[1] (ECF No. 34.)

## ANALYSIS

Alstom and Old Dominion both argue that the case should be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), consistent with the forum selection clause contained in both contracts. Old Dominion argues, in the alternative, that White Oak has not adhered to the dispute resolution procedures required before litigation in the White Oak Agreement, so this suit must be dismissed under Rule 12(b)(1) or 12(b)(6). White Oak responds that its tort claims are outside the scope of the forum selection clauses and, even if the tort claims are within the scope of the forum selection clauses, enforcing the clauses would be unreasonable. Because the defendants' motion to transfer will be granted, the court will not address Old Dominion's dismissal arguments.

28 U.S.C. § 1404(a) provides "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A federal court sitting in diversity jurisdiction will apply federal law when analyzing

---

[1] White Oak's surreply was focused on an argument Alstom raised for the first time in its reply concerning which substantive law would apply to this case. The court has reviewed the proposed surreply and the arguments therein. Which substantive law to apply to the case as a whole is not at issue in deciding the motions to transfer. In light of the court's decision to grant the motions to transfer, the motion to file a surreply will be denied as moot.

4

a forum selection clause. *See Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12-13 (1972)). The Supreme Court has held that: "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W.D. Tx.,* 134 S.Ct. 568, 581 (2013). The non-moving party has the burden of demonstrating why the transfer is unwarranted. *Id.*

Forum selection clauses "are prima facie valid" and enforceable unless "shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen,* 407 U.S. at 10 (1972); *see Albemarle Corp.*, 628 F.3d at 650 (noting "Even though *The Bremen* was an admiralty case, its rationale is applicable to forum selection clauses generally"). "[A] forum selection clause may be found unreasonable if: (1) its formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) its enforcement would contravene a strong public policy of the forum state." *Albemarle Corp.*, 628 F.3d at 651 (quoting the summary of the *Bremen* standard in *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (internal quotation marks omitted).

White Oak first argues that the tort claims arise from a different set of operative facts than the breach of contract claims because the tort claims rely on conduct preceding the execution of the contract. This is insufficient to escape the forum selection clauses. The Alstom

5

Agreement refers to "*[a]ny* legal action or proceeding *with respect to* this Agreement" and "actions or proceedings *arising out of or in connection with* this Agreement." (Ex. A ¶ 20.2, ECF No. 10-1 (emphasis added).) The White Oak Agreement is even broader, referring to "*any* litigation between the parties." (Ex. B § 15.12, ECF No. 1-2 (emphasis added).) Both of these clauses therefore encompass pre-execution conduct of the parties related to the bidding on and negotiation of the agreements, including the alleged fraud in the inducement.

White Oak also argues enforcement of the forum selection clause would be unreasonable because the forum selection clause was formed by fraud or overreaching; White Oak could be deprived of its day in court; and White Oak did not bargain for the forum selection clause. None of these arguments are persuasive. White Oak has not advanced any facts to show that the forum selection clause specifically was obtained by fraud or overreaching, so the clause remains enforceable.[2] *See Fidelity & Guar. Life Ins. Co. v. United Advisory Group, Inc.*, No. WDQ-13-0040, 2013 WL 422634 at *5 n. 31 (D. Md. Jan. 25, 2013) ("To the extent [plaintiff] argues it was fraudulently induced into executing the [agreement], this allegation is insufficient to overcome the enforceability of the clause at issue." (citing *Haynsworth v. The Corp.,* 121 F.3d 956, 963 (5th Cir. 1997)).[3]

Applying the forum selection clause will not deprive White Oak of its day in court. White Oak has offered no evidence that it will be gravely inconvenienced or that it would be unfair to litigate this case in the forum state to which it agreed. White Oak points to *The Hipage Co. v. Access2Go, Inc.* as an example of a case where statute of limitations was considered under this

---

[2] White Oak has not cited, and the court is not aware of, any controlling case law in this district in which the court has held that a claim of fraud as to the creation of a contract as a whole prevents the application of the forum selection clause contained therein.

[3] Unpublished cases are cited not as precedent, but for the soundness of their reasoning.

factor. 589 F.Supp. 2d 602, 613 (E.D. Va. 2008) (citing *Goldlawr, Inc. v. Heiman*, 369 463, 466-67 (1962)). The analysis in *Hipage*, and the underlying Supreme Court precedent on which it is based, related to transfer under 28 U.S.C. § 1406(a), where the alternative was dismissal of the case. Crucially, the plaintiff in *Goldlawr* did not have access to information necessary to determine the proper venue when initially filing the case. Dismissal would have necessitated re-filing in the proper venue and effected a time bar to plaintiff's claims that was not applicable to the original filing date in the improper venue. This case is in a substantially different procedural posture, and in any event is analyzed under § 1404(a) rather than § 1406. Here, White Oak knew of the applicable forum selection clauses dictating the proper forum for this case. Virginia's statute of limitations laws were foreseeable to White Oak at the time it negotiated its agreement. If it had concerns, it could have bargained for another forum. White Oak is still capable of litigating its claims in the Eastern District of Virginia upon transfer under 28 U.S.C. § 1404(a). Allowing White Oak to escape its obligations under the forum selection clause in order to litigate in a district with a more generous statute of limitations would be permitting forum shopping. If some of White Oak's claims are time-barred in the Eastern District of Virginia, which this court does not decide, that is a result White Oak agreed to when it agreed to the forum selection clause.

      White Oak argues it did not bargain for the forum selection clause in the Alstom Agreement, so application of that clause would be unreasonable. This argument is unpersuasive as well. White Oak knew it would be subject to assignment of the Alstom agreement when it entered into the White Oak Agreement and the Assignment Agreement. In negotiating the Assignment Agreement, White Oak could have bargained for a different forum selection clause. Instead, it agreed to inclusion of an identical clause in the Assignment agreement. Further, the

7

forum selection clause in the White Oak Agreement is even broader than that in the Alstom Agreement. White Oak had ample opportunity to bargain for a different forum selection clause in its negotiations for the Assignment Agreement and the White Oak Agreement.

Finally, White Oak argues *Atlantic Marine* is inapplicable because the forum selection clauses at issue here are not valid and enforceable and *Atlantic Marine* does not address tort claims. As explained above, the forum selection clauses are valid and enforceable, and White Oak's tort claims do fall within the scope of the forum selection clauses. There is no basis to sever and retain the tort claims. The entire case will be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), consistent with the forum selection clauses.

## CONCLUSION

For the reasons stated above, the court will grant the defendants' motions to transfer venue to the Eastern District of Virginia.

A separate order follows.

November 7, 2017                                                  /S/
Date                                                               Catherine C. Blake
                                                                    United States District Judge